United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 9, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50909
Summary Calendar

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE ARIEL TAKAJASI-MALDONADO,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(2:04-CR-334-1-AML)
--------------------

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Jose Ariel Takajasi-Maldonado appeals his

sentence for reentry into the United States following deportation,

in violation of 8 U.S.C. 1326(a) and (b)(2).  He argues for the

first time on appeal that, in light of United States v. Booker, 125

S. Ct. 738 (2005), his sentence should be vacated and his case

remanded for resentencing because the district court plainly erred

by enhancing his sentence based on facts not determined by a jury

and which he did not admit.  He also argues for the first time on

---

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appeal that his sentence should be vacated because the district court plainly erred by treating the guidelines as mandatory. Finally, Takajasi-Maldonado claims that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.

Takajasi-Maldonado's claim that the district court plainly erred by enhancing his sentence based on facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge--sentencing under an advisory scheme rather then a mandatory one--would have reached a significantly different result." See United States v. Mares, 402 F.3d 511, 520-522 (5th Cir.), petition for cert. filed, No. 04-9517 (U.S. Mar. 31, 2005). His argument that the district court's application of the guidelines as mandatory was plain error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only. See United States v. Valenzuela-Quevedo, ___F.3d___ (5th Cir. Apr. 25, 2005)(No. 03-41754), 2005 WL 941353 at *4.

Takajasi-Maldonado's argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Accordingly, the judgment of the district court is

AFFIRMED.

2